UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
THOMAS ANTHONY MARSHALL, JR.,

                                                Plaintiff,

    -against-

THE CITY OF NEW YORK, a municipal entity; New York City Police Officer HENRY LOPEZ (Shield No. 21933), in his individual capacity; New York City Police Officer ROBERSON TUNIS (Shield No. 29541); and "JOHN and/or JANE DOES" 1, 2, 3, etc. (whose identity are unknown but who are known to be personnel of the New York City Police Department), all of whom are sued in their individual capacities,

                                                Defendants.
------------------------------------------------------------------------X

**COMPLAINT**

**JURY TRIAL**

        Plaintiff THOMAS ANTHONY MARSHALL, JR., by his attorneys, Beldock Levine & Hoffman LLP, as and for his complaint against the Defendants alleges as follows:

**PRELIMINARY STATEMENT**

        1.    This civil rights action seeks redress under 42 U.S.C. § 1983 and New York State law for injuries Plaintiff suffered from the unconstitutional conduct of Defendants THE CITY OF NEW YORK, New York City Police Officers LOPEZ and TUNIS, and New York City Police Officers "JOHN and/or JANE DOES" 1, 2, 3 etc.

        2.    In the early morning hours of January 1, 2016, Plaintiff was walking from the West 110th Street subway station to his mother's Manhattan home. After Plaintiff exited a deli that he had stopped in along the way, he walked past several NYPD officers. Without lawful justification, Defendant Officers approached Plaintiff, tackled him to the ground, hit him in the head several times, and arrested him on baseless criminal charges. Plaintiff was held in custody

for approximately 46 hours before being released on his own recognizance. He was subsequently required to make four court appearances before all of the criminal charges were dismissed.

3. Plaintiff seeks (i) compensatory damages for, *inter alia*, physical injuries, false imprisonment, psychological and emotional distress, and other financial loss caused by the illegal actions of the defendants; (ii) punitive damages to deter such intentional or reckless deviations from well-settled constitutional law; and (iii) such other and further relief, including costs and attorney's fees, as this Court deems equitable and just.

## JURISDICTION

4. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343(a)(3) and (a)(4), as this action seeks redress for the violation of Plaintiff's constitutional and civil rights.

5. Supplemental jurisdiction is conferred upon this Court by 28 U.S.C. § 1367(a) over any and all state law claims that are so related to the federal claims that they form part of the same case or controversy.

## VENUE

6. Venue is proper in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which the events giving rise to plaintiff's claims took place.

## JURY DEMAND

7. Plaintiff demands a trial by jury in this action on each and every one of his claims for which jury trial is legally available.

## THE PARTIES

8. Plaintiff THOMAS ANTHONY MARSHALL, JR. is a citizen of the United States, and at all times relevant to this complaint was a resident of the County, City, and State of New York.

9. Defendant THE CITY OF NEW YORK ("the City") is a municipal entity created and authorized under the laws of the State of New York.

10. The City is authorized by law to maintain a police department, and does maintain the New York City Police Department ("NYPD"), which acts as its agent in the area of law enforcement and for which it is ultimately responsible. The City assumes the risks incidental to the maintenance of a police force and the employment of police officers.

11. Defendants New York City Police Officers LOPEZ, TUNIS and JOHN and/or JANE DOES 1, 2, 3 etc. ("DOES") are NYPD Police Officers who unlawfully stopped, detained, and arrested Plaintiff without suspicion of any illegal activity and used excessive force in the process.

12. Upon information and belief, Defendants LOPEZ, TUNIS, and DOES are still NYPD Police Officers.

13. At all times relevant herein, Defendants LOPEZ, TUNIS, and DOES acted under color of state law in the course and scope of their duties and/or functions as agents, employees, and/or officers of the City and/or the NYPD, and incidental to the lawful pursuit of their duties as agents, employees, and/or officers of the City and/or the NYPD.

14. At all times relevant herein, Defendants LOPEZ, TUNIS, and DOES violated clearly established rights and standards under the Fourth and Fourteenth Amendments to the United States Constitution, of which a reasonable police officer in their circumstances would have known.

**COMPLIANCE WITH NEW YORK GENERAL MUNICIPAL LAW**

15. Plaintiff served a Notice of Claim upon the City of New York within ninety days of the events giving rise to his claims.

16. Plaintiff attended a hearing pursuant to section 50-h of the New York General Municipal Law on December 7, 2016.

17. More than thirty days have elapsed since Plaintiff served his Notice of Claim and the City has not offered adjustment or payment of his claims.

18. This action is filed within one year and ninety days of the events giving rise to Plaintiff's claims.

**STATEMENT OF FACTS**

19. Plaintiff is a college educated, working professional and lifelong New York City resident.

20. On January 1, 2016, at approximately 1:00 A.M., Plaintiff exited the West 110th Street subway station and began walking toward his mother's home on Columbus Avenue.

21. As Plaintiff approached the corner of West 104th Street and Columbus Avenue, he noticed several NYPD officers chasing a young man.

22. Plaintiff did not see the person being chased, nor did he know why the NYPD were chasing him.

23. During Plaintiff's walk from the subway to his mother's house he stopped at a deli on the corner of West 104th Street and Columbus Avenue.

24. After exiting the deli, Plaintiff was approached by approximately six uniformed NYPD officers, including, upon information and belief, Defendants Lopez and Tunis.

25. Defendant Lopez ordered Plaintiff to "move."

4

26. Plaintiff complied with the Officer's order and continued walking toward his mother's home.

27. As Plaintiff walked away from the deli, Officer Lopez shoved him and said, "I told you to move."

28. After being shoved, Plaintiff asked the officer for his name and badge number.

29. The officer, gesturing toward his uniform, responded, in sum and substance, "You see it."

30. Plaintiff walked away from Officer Lopez and continued towards his mother's home.

31. Shortly after Plaintiff's interaction with Officer Lopez, he was approached by a second Officer who yelled, in sum and substance, "Didn't he tell you to move?"

32. Before Plaintiff could respond, the Officer pushed him against a car and then threw him to the ground.

33. As Plaintiff laid helplessly on the ground, he was surrounded by several NYPD Officers, who punched him in the head approximately four times with closed fists.

34. Plaintiff was subsequently handcuffed and walked toward the Officers' patrol car.

35. At no point did Plaintiff resist arrest.

36. As Plaintiff was escorted to the patrol car, he said to the Defendant Officers, "I'm just here to see my mother."

37. One officer responded, "You shouldn't have been out here."

38. Plaintiff was taken to the 24th Precinct, where he was processed and placed in a holding cell.

39. At the 24th Precinct, Defendant Officer Lopez signed the complaint charging Plaintiff with Obstructing Governmental Administration in the Second Degree, in violation of Penal Law § 195.05, Resisting Arrest, in violation of Penal Law § 205.30, and Unlawful Possession of Marijuana, in violation of Penal Law § 221.05.

40. Plaintiff was transferred to Central Booking on January 2nd at approximately 10 AM.

41. Plaintiff was arraigned at approximately 11 PM and released on his own recognizance.

42. Plaintiff was in custody for approximately 46 hours.

43. Plaintiff was required to make approximately three additional criminal court appearances before the baseless charges were dismissed and sealed in June 2016.

44. As a result of the individual defendants' conduct, Plaintiff sustained physical injuries that caused him substantial pain and suffering.

45. As a result of the individual defendants' conduct, Plaintiff sustained loss of liberty, emotional and psychological pain, embarrassment, humiliation, harm to his reputation, and deprivation of his constitutional rights.

**FIRST CAUSE OF ACTION**
**42 U.S.C. § 1983 – Individual Defendant Officers' Violations of**
**Plaintiff's Fourth and Fourteenth Amendment Rights**

46. Plaintiff realleges and incorporates by reference each and every allegation set forth in the foregoing paragraphs as if fully set forth herein.

47. In committing the acts and omissions complained of herein, Defendants LOPEZ, TUNIS, and DOES acted under color of state law to deprive Plaintiff of certain constitutionally

protected rights under the Fourth and Fourteenth Amendments to the United States Constitution, including, but not limited to:

    a. the right to be free from unreasonable search and seizure;

    b. the right to be free from arrest without probable cause;

    c. the right to be free from arrest without excessive force;

    d. the right to be free from false imprisonment, that being wrongful detention without good faith, reasonable suspicion, or legal justification, and of which detention plaintiff was aware and to which he did not consent; and

    e. the right to be free from deprivation of liberty without due process of law.

48. In committing the acts and omissions complained of herein, Defendants LOPEZ, TUNIS, and DOES breached their affirmative duty to intervene to protect the constitutional rights of citizens from infringement by other law enforcement officers in their presence.

49. As a direct and proximate result of Defendants LOPEZ, TUNIS, and DOES' deprivation of Plaintiff's constitutional rights, plaintiff suffered the injuries and damages set forth above.

50. The unlawful conduct of Defendants LOPEZ, TUNIS, and DOES was willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed.

## SECOND CAUSE OF ACTION
### Violations of the New York State Constitution

51. Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

52. Such conduct breached the protections guaranteed to Plaintiff by the New York State Constitution, including but not limited to, Article 1, §§ 1, 11, and 12, and including the following rights:

    a. freedom from unreasonable search and seizure of his person and property;

    b. freedom from arrest without probable cause;

    c. freedom from use of excessive force;

    d. freedom from false imprisonment, that being wrongfully detained without good faith, reasonable suspicion, or legal justification, and of which wrongful detention plaintiff was aware and did not consent;

    e. freedom from the lodging of false charges against him by police officers and prosecutors, including on information and belief, by some or all of the individual defendants; and

    f. freedom from deprivation of liberty without due process of law.

53. As a direct and proximate result of Defendants' deprivations of Plaintiff's rights, privileges, and immunities guaranteed by the New York State Constitution, he suffered the injuries and damages set forth above.

## THIRD CAUSE OF ACTION
### Assault and Battery

54. Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

55. Defendants LOPEZ, TUNIS, and DOES, without just cause, wilfully and maliciously used physical force against Plaintiff causing him injuries.

56. Defendants LOPEZ, TUNIS, and DOES committed the foregoing acts intentionally, willfully, and with malicious disregard for Plaintiff's rights, and are therefore liable for punitive damages.

## FOURTH CAUSE OF ACTION
### False Imprisonment

57. Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

58. Defendants LOPEZ, TUNIS, and DOES, through the foregoing acts, caused Plaintiff to be wrongfully detained without good faith, reasonable suspicion, or legal justification, and of which detention he was aware and to which he did not consent.

59. Defendants LOPEZ, TUNIS, and DOES committed the foregoing acts intentionally, willfully, and with malicious disregard for Plaintiff's rights and are therefore liable for punitive damages.

## FIFTH CAUSE OF ACTION
### Intentional Infliction of Emotional Distress

60. Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

61. Defendants LOPEZ, TUNIS, and DOES, through the foregoing acts, did commit extreme and outrageous conduct and thereby intentionally, and/or recklessly caused Plaintiff to experience severe mental and emotional distress, pain, suffering, and damage to name and reputation.

62. Defendants LOPEZ, TUNIS, and DOES committed the foregoing acts intentionally, willfully, and with malicious disregard for Plaintiff's rights and are therefore liable for punitive damages.

## SIXTH CAUSE OF ACTION
### Negligence

63. Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

64. Defendants LOPEZ, TUNIS, and DOES owed Plaintiff a duty of care, including the duty to exercise due care in the course of their duties as NYPD officers and the duty to protect citizens from the intentional misconduct of other NYPD officers.

65. Defendants LOPEZ, TUNIS, and DOES, through the foregoing acts, negligently failed to use due care in the performance of their duties in that they failed to perform their duties with the degree of care that a reasonably prudent and careful officer would have used under similar circumstances.

66. All of these acts were performed without any negligence on the part of Plaintiff and were the proximate cause of the injuries to Plaintiff.

### SEVENTH CAUSE OF ACTION
### Negligent Infliction of Emotional Distress

67. Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

68. As police officers acting in the performance of their duties, Defendants LOPEZ, TUNIS, and DOES owed Plaintiff a duty of care.

69. In breach of that duty, Defendants LOPEZ, TUNIS, and DOES endangered Plaintiff's safety and caused him to fear for his safety.

70. As a result, Plaintiff suffered emotional distress.

### EIGHTH CAUSE OF ACTION
### Malicious Prosecution

71. Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

72. A criminal proceeding was commenced against Plaintiff in New York County Criminal Court.

73. The proceeding was initiated based on false allegations by Defendant HENRY included in the criminal complaint.

74. The criminal proceeding was terminated in Plaintiff's favor when the charges against him were dismissed.

75. There was no probable cause for any of the charges brought against Plaintiff.

76. Defendant HENRY committed the foregoing acts intentionally, willfully, and with malicious disregard for Plaintiff's rights and is therefore liable for punitive damages.

77. The City is vicariously liable for the conduct of the individual NYPD defendant as set forth herein.

## NINTH CAUSE OF ACTION
### Negligent Hiring, Training, and Supervision Under State Law; Defendant City of New York

78. Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

79. The City is liable to Plaintiff because of its intentional, deliberately indifferent, careless, reckless, and/or negligent failure to adequately hire, train, supervise, and discipline its agents, servants, and/or employees employed and/or the NYPD with regard to their aforementioned duties.

## TENTH CAUSE OF ACTION
### *Respondeat Superior*

80. Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

81. At all relevant times, Defendants LOPEZ, TUNIS, and DOES were employees of the City and were acting within the scope of their employment.

82. The City is therefore vicariously liable under the doctrine of r*espondeat superior* for the actions of defendants Police Officer LOPEZ, TUNIS, and DOES set forth herein.

## DEMAND FOR RELIEF

**WHEREFORE**, Plaintiff demands the following relief against the defendants, jointly and severally:

(a)     compensatory damages in an amount just and reasonable and in conformity with the evidence at trial;

(b)     punitive damages from Police Officer LOPEZ, TUNIS, and DOES to the extent allowable by law;

(c)     attorney's fees;

(d)     the costs and disbursements of this action;

(e)     interest; and

(f)     such other and further relief as this Court deems just and proper.

Dated: New York, New York
        March 27, 2017

_____
Keith Szczepanski
BELDOCK LEVINE & HOFFMAN LLP
99 Park Avenue, PH/26th Floor
New York, New York 10016
(212) 490-0400

*Attorney for Plaintiff Thomas Anthony Marshall, Jr.*